**SO ORDERED.**

**SIGNED this 9th day of January, 2015.**



Janice Miller Karlin
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:                                                    Case No. 14-40965
Colin Edward MacMillan, and                               Chapter 7
Cassandra Grace MacMillan,

               Debtors.
_____
Memorandum Opinion and Order
Denying Trustee's Objection to Debtors' Amended Exemption
of Digital Photos and Business Website

Debtors Colin Edward MacMillan and Cassandra Grace MacMillan filed a voluntary Chapter 7 Bankruptcy Petition in August 2014.[1] The Chapter 7 Trustee (Trustee) objected to their attempt to exempt, as a tool-of-the-trade, a website and a number of digital images,[2] arguing both that the items were not required for Colin's primary occupation and that they were not

_____

[1] Doc. 1.

[2] Doc. 22.

tangible means of production, as the Trustee contends the Kansas tools-of-the-trade exemption requires. After receiving evidence, the Court determines that the digital photographs and the website are electronic documents eligible for exemption under K.S.A. § 60-2304(e), and that because these items are necessary for Cassandra's primary occupation, the Debtors are entitled to claim the exemption. As a result, the Court overrules Trustee's objection.

I.  **Findings of Fact**

The parties agree with most of the facts necessary to resolve this issue. Colin is a photographer and is employed as a manager of photography at ImageMakers. He also runs his own personal photography business, MacMillanWorks, on the side; this business focuses primarily on selling his digitally manipulated landscape photographs directly to the public.

Debtors started MacMillanWorks in December 2012 and their jointly filed 2013 tax returns reflected gross business income from MacMillanWorks of $4,173. The reported gross business income for MacMillanWorks for the period January 1, 2014 to August 18, 2014 was $5,042. Colin takes the pictures and videos for MacMillanWorks, and digitally manipulates the images before offering them for sale. Debtor Cassandra also works for MacMillanWorks, handling all the accounting, some promotional work, and most of the purchasing of supplies that the business requires. Although she

also earns income by providing nanny services each week, no evidence was offered either about the value of her work for MacMillanWorks compared to her nanny work, nor about her relative time commitment to each endeavor.

Debtors listed on Schedule B filed with their petition "Digital Images; MacMillanWorks.net,"[3] but they did not seek to exempt the website or the digital images in their initial filing.[4] After the first creditor meeting under 11 U.S.C. § 341 and a second special creditor meeting, where the Trustee's inquiry focused specifically on the digital images and the domain name, Debtors filed an Amended Schedule C and now seek to claim the digital images and the website as exempt pursuant to K.S.A. § 60-2304(e), the Kansas tools-of-the-trade exemption. The Trustee objected to this exemption.

Section 60-2304(e) provides that a Kansas resident may exempt the

> "books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or the other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500."

Debtors stored the digital images for MacMillanWorks, together with thousands of personal images, on an external hard drive; the drive contains over three terabytes of data.

---

[3] Doc. 1.

[4] *Id.*

## II. Conclusions of Law

This matter constitutes a core proceeding over which the Court has the jurisdiction and authority to enter a final order.[5] A debtor's right to an exemption is determined as of the date the bankruptcy petition is filed.[6] "In determining whether a debtor is entitled to claim an exemption, 'the exemption laws are to be construed liberally in favor of exemption.'"[7] "Once a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed."[8] As a result, Trustee bears the burden of proving that neither Debtor may claim the exemption.

The Trustee raises two objections to Debtors' claimed exemptions. First, Trustee notes that § 60-2304(e) only allows a Kansas resident to exempt the "books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or the other *tangible* means of production regularly and reasonably necessary in

---

[5] *See* 28 U.S.C. § 157(b)(2)(B) (stating that "exemptions from property of the estate" are core proceedings); § 157(b)(1) (granting authority to bankruptcy judges to hear core proceedings).

[6] *In re Ginther*, 282 B.R. 16, 19 (Bankr. D.Kan. 2002) (citing *In re Currie*, 34 B.R. 745, 748 (D. Kan.1983)).

[7] *Lampe v. Iola Bank and Trust* (*In re Lampe II*), 331 F.3d 750, 754 (10th Cir. 2003) (quoting *In re Ginther*, 282 B.R. at 19).

[8] *Id. See also* Fed. R. Bankr.Proc. 4003; *Robinson v. Sanchez* (*In re Robinson*), 295 B.R. 147, 152 (10th Cir. BAP 2003).

carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500."⁹ The Trustee argues that the digital images and website are not a "tangible means of production," which Trustee argues is required by § 60-2304(e). Second, Trustee argues that these assets do not relate to Debtor Colin's primary occupation as the manager of photography at ImageMakers, noting that this Court has previously held that only the tools related to a debtor's primary occupation may be exempted under the tools-of-the-trade exemption.¹⁰ Debtor Colin admitted at trial that MacMillanWorks is a side business and that while he serves as a photographer at both businesses, the majority of his income comes from his employment at ImageMakers.

Both of Trustee's arguments fail. Trustee's first argument suggests §

---

⁹ Emphasis added. The Court notes the extensive briefing and testimony on the value of the domain name associated with MacMillanWorks and on the value of Debtor Colin's digital photographs related to that business, but the value of these items is immaterial to the specific objections Trustee raised to Debtors' claim of exemption. Because Trustee does not argue that the value of the property in question exceeds the $7500 cap on the tools-of-the-trade exemption, the Court will not further address this issue.

¹⁰ *In re Wilkinson*, Case No. 09-41059, 2010 WL 821345 (Bankr. D. Kan Mar. 5, 2010). The denial of the exemption in *Wilkinson* was in large part based on the fact that debtor had filed tax returns and other documents, under penalty of perjury, stating he had no income from the skid loader he was trying to exempt—thus he could not meet the "regular use" criteria. That fact pattern does not exist here. Colin is a photographer in both jobs, and earned income as a photographer in both jobs.

60-2304(e) must be read to require all items a debtor seeks to exempt as tools of the trade be tangible. Although the state could be susceptible to such a reading, the Court reads the statute more broadly in light of the mandate to construe exemptions liberally. The purported tangibility requirement comes from the catch-all portion of the statute, which allows a debtor to exempt, "the other tangible means of production," beyond the items enumerated earlier in the sentence. One could read this sentence as Trustee proposes—placing the emphasis on "other," which would suggest that all items must be tangible means of production. But the sentence could just as easily be read to require that only the *other* means of production be tangible, with no such requirement imposed on the enumerated items.

Again, because "exemption laws are to be construed liberally in favor of exemption,"[11] the Court will embrace the latter reading of the statute and hold that only the additional items, not those enumerated in the list, must be tangible items. This reading is especially appropriate given the nature of many of the "books, documents, . . . instruments, [and] tools" in today's electronic era, which are entirely digital and thus likely not tangible items. In this case, the digital images and the website are electronic documents and, as

---

[11] *In re Lampe II*, 331 F.3d at 754. *See In re Massoni*, 67 B.R. 195, 197 (Bankr. D.Kan. 1986) ("The Kansas exemption laws are to be liberally construed 'so as to effect the humane purposes of the legislature in enacting them.'").

such, are amenable to exemption under § 60-2304(e).

Trustee's second argument, that the website and digital images are not related to Debtor Colin's primary occupation, fails to address Debtors' argument that Debtor Cassandra could exempt the items herself. Trustee provided no evidence to suggest that the items in question were not tools of the trade for Debtor Cassandra's primary occupation, as Debtors argued during the evidentiary hearing. Generally, both debtors in a joint debtor case may claim the exemptions available under Kansas law.[12] More specifically, the Court notes the long line of "farmer's wife" cases, which establish that a spouse, engaged together in an occupation with the other spouse, is able to claim the Kansas tools-of-the-trade exemption for property used to run that business if that business is the primary occupation for the spouse claiming the exemption.

The Tenth Circuit BAP described the general theme in these cases:

> The factual scenario running through those cases is
> that of a farmer's wife who has claimed an exemption
> in farming equipment when the husband is primarily
> responsible for the farming. The wife is either
> employed part-time off the farm or not at all,
> although she assists in the farming operation in one
> way or another. Those courts have consistently found,
> based on a litany of farming activities in which she

---

[12] *Lampe v. Iola Bank and Trust* (*In re Lampe I*), 278 B.R. 205, 215 (10th Cir. BAP 2002).

participated, that the wife's primary occupation was farming and permitted her to claim the exemption.[13]

This case presents an analogous situation. Here, Debtor Cassandra handles all the accounting and some promotional work for MacMillanWorks, and she also purchases most of the supplies the business requires. Debtor Colin testified that he could not make sense of the books, and that Debtor Cassandra exclusively handles that side of the business.

Trustee bears the burden of establishing that Debtor Cassandra cannot claim this exemption, but Trustee submitted virtually no evidence on this point. Debtor Cassandra testified that she does work part time as a nanny each week, in addition to her work with MacMillanWorks, but Trustee did not elicit, and no witness volunteered, testimony reflecting her relative income from each job, nor her time commitment to each endeavor. As a result, there is no evidence that the work she does for MacMillanWorks is not her primary occupation.

Trustee noted in her written objection that MacMillanWorks is a sole proprietorship owned by Debtor Colin, and Debtor Colin agreed that he organized the company as a sole proprietorship. Trustee appears to be arguing that Debtor Cassandra thus has no ownership interest in the

---

[13] *Dunivent v. Bechtoldt* (*In re Bechtoldt*), 210 B.R. 599, 602, n.2 (10th Cir. BAP 1997).

-8-

Case 14-40965    Doc# 37    Filed 01/09/15    Page 8 of 11

business or the website and images, but Trustee never makes this argument explicit. Even if she did, however, the argument would fail under existing Circuit precedent. The test for co-ownership between a husband and wife engaged in an enterprise like this is not the form of the business or whose name appears on the business documents.

The Tenth Circuit addressed this very issue in *In re Lampe*,[14] where the Court concluded that a wife had an ownership interest in farm implements sufficient to support the tools-of-the-trade exemption, even though the farm was a sole proprietorship in her husband's name and only her husband reported self-employment income and self-employment taxes for the farm enterprise. In *In re Lampe*, the Court established the test for determining whether a spouse has sufficient ownership interests to support this exemption:

> the test for co-ownership for purposes of the tools of the trade exemption is not whether a spouse can demonstrate he or she acquired an ownership interest by purchase with separate property, gift or inheritance . . . . Instead, the debtors' intent and conduct controls.[15]

The Court went on to consider evidence that the wife worked on the farm and

---

[14] 331 F. 3d 750.

[15] *Id.* at 755. *See also Estate of Lane*, 39 Kan.App.2d 1062, 1068–69 (Kan. Ct. App. 2008) (approving of the spousal ownership interest test as stated in *In re Lampe*).

operated some of the equipment, that all proceeds from the farming operation were placed in a joint account, that funds to pay for the equipment came out of the account, that the wife also deposited her outside employment income into the joint account, and that she co-signed on the notes and security agreements to obtain operating loans for the farm. Based on this evidence, the Court concluded that, "the Trustee failed to meet its burden of proving [the wife] lacked an ownership interest in the farm equipment."[16]

Here, similar evidence supports this Court's determination that Trustee has been unable to show that Debtor Cassandra lacks the necessary ownership interest in these documents. The evidence shows that Debtor Cassandra handles all the accounting and some promotional work for MacMillanWorks, and that she does most of the purchasing for the business. Debtor Cassandra is not paid for that work. It is clear, then, that the Debtors consider Debtor Cassandra not an employee of her husband's business, but rather a co-owner engaged in building the business. Even absent this finding, because Trustee bears the burden of demonstrating that Debtor Cassandra cannot claim this exemption, the failure to submit evidence on this question beyond simply noting that the business is a sole proprietorship under Debtor Colin, or to submit any other evidence suggesting that Debtor Cassandra

---

[16] *Id.* at 756.

Case 14-40965    Doc# 37    Filed 01/09/15    Page 10 of 11

cannot claim the exemption, requires the Court to find that Debtor Cassandra may claim the tools-of-the-trade exemption for the digital images and the website.[17]

Because the digital images and the website fall within the meaning of documents under §60-2304(e), and because Debtor Cassandra is entitled to claim these documents as her tools of the trade, the Court overrules Trustee's Objection to Debtors' Amended Schedule C.[18]

**It is so ordered.**

# # #

---

[17] *In re Lampe I*, 278 B.R. at 215.

[18] Doc. 22. And to clean up the docket sheet, the Court grants the only other motion shown as pending —Doc. 27, a Motion filed by Trustee on November 17, 2014, seeking a status conference. The Court granted that motion when it set and conducted that status conference on November 25 and December 1, 2014, respectively.